IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. ELH-19-0183 |
| | * |
| IGOR COOPER ROSENSTEEL, | * |
| | * |
| Defendant. | * |
| | * |

*******

## PROTECTIVE ORDER GOVERNING DISCLOSURE OF PERSONAL IDENTITY INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable personal identity information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a) and in consideration of the consent motion agreed upon by the parties, it is ORDERED:

(1) **Production of Personal Identity Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to Defendant, pursuant to Defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306. The United States shall produce these documents unredacted to the defendant. Upon producing these documents to the Defendant, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below. The Defendant, including Defendant's counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the

form of acknowledgment attached to this Order. The Defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would disclose identity information within the document or filing has been removed. Upon conclusion of this litigation, Defendant's counsel may, according to preference, either permanently redact all personal identifying information in such materials or partially redact the personal identifying information to reference it in the same manner in which such information is to be referenced in court, or shall certify in writing to counsel for the United States that one copy of discovery materials containing protected information will be retained in accordance with the policy of the Administrative Office of U.S. Courts.

(2)   **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, by using the following designation: "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER."

(3)   **Confidential Personal Identity Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting confidential documents to remove individual identifiers; requesting the court to submit such documents under seal; coding the documents to substitute a numerical or other designation for the individual's name or other identifying information; requesting that any exhibit be placed under seal; introducing summary evidence where practicable which may be more easily redacted; and assuring that all Social Security numbers and other Personal Identity Information associated with individuals have been redacted in accordance with Rule 49.1 of the Federal Rules

of Criminal Procedure and other applicable laws. No party shall disclose designated confidential documents in open Court without prior consideration by the Court. If the volume of personal identifying information or the manner in which the personal identifying information makes redaction difficult, counsel has the option of either destroying the personal identifying information or securing the personal identifying information in a manner where it would not be available to anyone outside of counsel's office.

(4)     **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

(5)     **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(6)     **No Waiver.** The failure to designate any materials as provided in paragraph two above, shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(7)     **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 13th day of June, 2019.

Ellen Hollander/KW
The Honorable Ellen L. Hollander
United States District Judge